```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

RALIK BAILEY,

               Petitioner,

   -vs-

SUPT. MICHAEL SHEAHAN,

               Respondent.

**DECISION AND ORDER**
**No. 6:13-CV-6438(MAT)**

_____

**I.   Introduction**

Ralik Bailey ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in Respondent's custody in violation of his federal constitutional rights. Petitioner is incarcerated as the result of a judgment entered against him on July 29, 2010, in New York County Court (Wyoming County), following a bench trial before Judge Mark Dadd convicting him of two counts of Assault in the Second Degree (N.Y. Penal Law ("P.L.") § 120.05(3)).

**II.  Factual Background and Procedural History**

On January 4, 2010, a Wyoming County grand jury charged Petitioner, then an inmate at Attica Correctional Facility, with one count of Promoting Prison Contraband in the First Degree (P.L. § 205.25(2)), one count of Criminal Possession of a Weapon in the Third Degree (P.L. § 265.02(1)), one count of Assault in the Second Degree (P.L. § 120.05(7); assault in a correctional facility); and three counts of Assault in the Second Degree (P.L. § 120.05(3);

causing physical injury in the course of preventing a peace officer from performing a lawful duty). The charges stemmed from an incident on May 30, 2009, in which Petitioner and another inmate, Roach Kerrick ("Kerrick"), had a physical altercation, after which Petitioner allegedly struck one of the corrections officers who was escorting him through the facility. Based on one corrections officer's observations, Petitioner was accused of possessing a shank during the fight with Kerrick.

Trial counsel moved to dismiss the indictment, asserting that Petitioner's statement to a police investigator that he "wished to be present at any criminal proceedings or hearing if any take place" served to provide notice to the District Attorney of his desire to testify before the grand jury, and the prosecutor failed to provide notice that he was presenting Petitioner's case to a grand jury. In opposition, the prosecutor asserted that Petitioner had made no request to testify and therefore was not notified of the scheduling of the Grand Jury. According to the prosecutor, the District Attorney's office had reviewed Petitioner's file prior to seeking an indictment and found no correspondence that might have "even hint[ed]" that he wished to testify, and no such correspondence had arrived at any time since the grand jury presentation. Judge Dadd found that Petitioner had failed to serve the District Attorney with a written request to testify, as he was

required to do pursuant to New York Criminal Procedure Law ("C.P.L.") § 190.50(5)(a).

Because Petitioner's sole habeas claim relates to the prosecution's failure to advise him of his right to testify before the grand jury, the Court need not repeat the trial testimony here but rather incorporates Respondent's thorough and detailed summary set forth in his brief.

During the bench trial, Judge Dadd dismissed the first two counts of the indictment (promoting prison contraband and possession of a weapon) because the prosecution had learned that Kerrick possessed the shank recovered after the incident. Judge Dadd found Petitioner guilty of second-degree assault as to Officers Bell and Leonard, not guilty of second-degree assault (assault in a correctional facility), and not guilty of second-degree assault as to Officer Meegan.

On July 15, 2010, Judge Dadd held a hearing regarding whether Petitioner could be sentenced as a second violent felony offender. After taking testimony from an inmate records coordinator on Petitioner's incarceration history, Judge Dadd reserved decision on the issue. Judge Dadd then addressed Petitioner's pro se motion to set aside the verdict pursuant to C.P.L. § 330.30, in which he sought dismissal of the indictment because the prosecution had not honored his right to testify before the grand jury. Petitioner's counsel joined in the motion, and Judge Dadd reserved decision.

In a decision and order dated July 20, 2010, Judge Dadd held that the prosecution had proven that Petitioner had a valid prior violent felony conviction for purposes of permitting him to be sentenced as a second violent felony offender. Judge Dadd then denied the C.P.L. § 330.30 motion, finding that it "merely attempt[ed] to reargue the [Petitioner's] motion to dismiss the indictment, which was denied by the Court's decision and order dated March 2, 2010."

On July 29, 2010, Petitioner was sentenced, as a second violent felony offender, to two concurrent, determinate prison terms of five years on each assault count, to be followed by a five-year period of post-release supervision.

Petitioner pursued a direct appeal of his conviction to the Appellate Division, Fourth Department, of New York State Supreme Court. Appellate counsel argued that Petitioner was deprived of his right to testify before the grand jury in violation of C.P.L. § 190.50; the verdict was against the weight of the evidence; and the sentencing court erred in using a prior conviction to enhance Petitioner's sentence. On December 30, 2011, the Appellate Division unanimously affirmed the conviction. People v. Bailey, 90 A.D.3d 1664 (4th Dep't 2011). The New York Court of Appeals denied leave to appeal. People v. Bailey, 19 N.Y.3d 861 (2012).

This timely habeas petition followed. Petitioner asserts one ground for relief–that he was deprived of his due process right to

testify before the grand jury. Respondent answered the petition, and Petitioner filed a reply brief. For the reasons set forth below, the petition is dismissed.

## III. Discussion

Petitioner's sole claim is that he was deprived of his due process right to testify in the grand jury. Respondent argues that this claim is not cognizable on federal habeas review because it does not present a question of federal constitutional magnitude. See Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty").

Respondent is correct that the right to testify before the grand jury in New York is not a creature of federal constitutional law. See Velez v. People of State of N.Y., 941 F. Supp. 300, 315 (E.D.N.Y. 1996) ("The Supreme Court has long held that the United States Constitution's Fifth Amendment provision for presentment or indictment by grand jury does not apply to the several states through the Fourteenth Amendment; in short, there is no federal constitutional right to be indicted by a grand jury prior to trial in a state criminal action." ) (citing, inter alia, Alexander v.

Louisiana, 405 U.S. 625, 633 (1972); Hurtado v. California, 110 U.S. 516, 538 (1884); Cobbs v. Robinson, 528 F.2d 1331, 1334 (2d Cir. 1975), cert. denied, 424 U.S. 947 (1976)). Although the New York State Constitution guarantees a criminal accused the right to be indicted by a grand jury when charged with a capital or otherwise "infamous" crime, see N.Y. CONST. art. I, § 6, it says nothing about the right to appear before the grand jury. Rather, an accused's right to be indicted by a grand jury in New York is "purely statutory." Velez, 941 F. Supp. at 315 (citing N.Y. CRIM. PROC. LAW § 190.50) (stating that a person as to whom a criminal charge is being submitted to a grand jury "has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney . . . a written notice making such request . . .")).

Petitioner, in his traverse, concedes that there is no federal constitutional right to be indicted by or testify before a grand jury. However, he argues, once a state creates such a right, as New York did by statute, it "cannot cause that right to be forfeited in a manner that is arbitrary or fundamentally unfair." Traverse at 5 (citing Evitts v. Lucey, 469 U.S. 387 (1985)). As Petitioner correctly notes, the Supreme Court has "repeatedly held that state statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the

Fourteenth Amendment." Vitek v. Jones, 445 U.S. 480, 488 (1980). Some district courts in this Circuit have held that C.P.L. § 190.50 creates such a right. E.g., Gayle v. Senkowski, No. 02 CV 1694(JG), 2004 WL 503796, at *4 (E.D.N.Y. Mar. 16, 2004) (citing Saldana v. State of N.Y., 665 F. Supp. 271, 275 (S.D.N.Y. 1987) (once a state creates a right for a defendant to testify before a grand jury, "it cannot cause that right to be forfeited in a manner which is arbitrary or fundamentally unfair"), rev'd on other grounds, 850 F.2d 117 (2d Cir. 1988)); see also Jones v. Keane, 250 F. Supp.2d 217, 234 (W.D.N.Y. 2002).

Although the state cannot arbitrarily deny an individual access to rights that it has created, here the facts do not support a claim of an arbitrary denial of Plaintiff's statutorily created right to testify before a grand jury hearing evidence against him. Rather, the New York State courts have reviewed this claim three times and found it without merit. The trial judge considered the claim in a pre-trial motion to dismiss the indictment and again in post-trial motion to set aside the verdict. The Appellate Division considered the claim on direct appeal, and noted that in order to preserve the statutory pretrial right to testify before the grand jury, a defendant must assert it "at the time and in the manner that the Legislature prescribe[d]" in C.P.L. § 190.50, the requirements of which are to be "strictly enforced[.]" Id. (quotations omitted). The Appellate Division found that

Petitioner's oral statement to the police investigator that he "wished to be present at any criminal proceedings or hearing if any take place" was not sufficient to invoke his right to testify before the grand jury under C.P.L. § 190.50 for several reasons–it was not in writing, it was not served upon the District Attorney, and it "merely asserted" a desire to "be present at any proceedings but did not expressly request to testify before the grand jury[.]" Id. Courts in New York have held that to effectuate the right to testify before a grand jury, a "defendant must activate it in affirmative manner by making unqualified, specific request to come before grand jury and testify. . . ." People v. Leggio, 133 Misc.2d 320, 322 (N.Y. Sup. Ct. 1986) (attorney's letter to prosecutor stating that defendant "reserves" his right to testify upon notice to office of presentment of evidence against defendant before grand jury was not proper request for purposes of C.P.L. § 190.50(2)); see also People v. Hunter, 169 A.D.2d 538, 538 (1st Dep't 1991) ("Although defendant expressed a desire to testify before the grand jury, he never submitted a written request as required by CPL § 190.50(5)(a); his oral notice to the People and the Supreme Court was insufficient.") (citation omitted).

The Appellate Division also found that the prosecution did not have any obligation to inform Petitioner of the grand jury presentation because he had not been arraigned "in a local criminal court upon a currently undisposed of felony complaint". Bailey, 90

A.D.3d at 1665 (citing People v. Mathis, 278 A.D.2d 803, 803 (4th Dep't 2000)). Under these circumstances, Petitioner has not established that his right to testify before the grand jury was denied by the New York State courts in a manner that was "arbitrary" or "fundamentally unfair". See Mirrer v. Smyley, 703 F. Supp. 10, 12 (S.D.N.Y. 1989); Gayle v. Senkowski, 2004 WL 503796, at *4.

## IV. Conclusion

For the foregoing reasons, Petitioner's request for a writ of habeas corpus is denied, and the petition is dismissed. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Decision and Order would not be taken in good faith, and therefore denies leave to appeal in forma pauperis.

**SO ORDERED.**                S/Michael A. Telesca

    HON. MICHAEL A. TELESCA
    United States District Judge

Dated:    June 26, 2014
          Rochester, New York.